No. 13,259.

STATE OF LOUISIANA VS. LOUISIANA DEBENTURE COMPANY, LIMITED.

SYLLABUS.

MOTION TO DISMISS.

The devolutive appeal in this case was from a judgment rendered on a rule rescinding and annulling an order of appeal, while the suspensive appeal in case No. 13,341 was taken from a judgment appointing a receiver in matter of the liquidation of the defendant company. In the former case, as in the latter, the court holds that the transcript was not seasonably filed.

1.  The State, when appellant, must, like all other appellants, file the transcript of appeal within the legal delay.

2.  The illness of the Attorney General no sufficient reason for failure to seasonably file an appeal.

3.  Especially is this so when it appears that other counsel were associated with the Attorney General.

APPEAL from the Civil District Court, Parish of Orleans—*King, J.*, Acting for *Theard, J.*, Absent on Leave.

*Milton J. Cunningham*, Attorney General, (*Frank E. Rainold* and *Stifft & Madison* of Counsel), for Plaintiff, Appellant.

*E. Howard McCaleb* for George W. Nott, Receiver of Defendant Company, Appellee.

The opinion of the court was delivered by

BREAUX, J.  The receiver, appellee here, moves to dismiss the appeal from a judgment dismissing a previous appeal.

In this case the court rendered an order granting a suspensive appeal to the Supreme Court and to August M. Benedict, from the order appointing George W. Nott, Receiver of the Louisiana Debenture Company, Limited.

A motion was filed in due time to rescind the order of appeal on the grounds it sets out.  The motion was made absolute and the order granting a suspensive appeal was revoked.  Whereupon, plaintiff applied for a devolutive appeal returnable to this court.  The order was issued and the appeal was made returnable on the first Monday of November, 1899.

In case No. 13,341 in which we handed down an opinion this day dismissing the appeal, the appeal was taken from the order or judgment appointing George W. Nott, Receiver of the Louisiana Debenture Company, Limited. In the case now before us for decision, No. 13,259, the appeal is taken from another judgment rendered subsequently therein on a rule taken by George W. Nott, Receiver and others to have rescinded and annulled the order granted by the district judge allowing plaintiff, the State of Louisiana, a suspensive appeal from the order and judgment appointing George W. Nott Receiver.

This motion was granted and the appeal was rescinded and annulled. It is from that judgment that this appeal is taken.

The transcript in this case, as in No. 13,341, was filed on the thirteenth day of November, 1899, more than five judicial days after the time it should have been filed. An extention in the time in which to file the transcript was obtained but the time granted had expired before the term of court.

Those who appeal must file their transcripts within the legal delays. Under repeated decisions upon that subject, the court is without authority to entertain an appeal unless the transcript is seasonably filed. In Ducournau vs. Levistones, 4th Ann. 30, the court decided that the appellant's failure to file his transcript timely was fatal to the appeal, and thereby followed the rule laid down in Peytevin vs. Winter, 4th La. 46.

For the reasons herein assigned and also for those given in case No. 13,341, it is ordered, adjudged and decreed that the appeal be dismissed.

## ON APPLICATION FOR REHEARING.

By Mr. Justice BLANCHARD.

The appeal in this case was, on motion for counsel for appellee, dismissed because of the failure to file the transcript within the legal delay.

The State presents an application for rehearing on the ground that the failure to file the transcript in time was due to the illness of the Attorney General.

There is no law or rule of practice to which we have been referred that makes the illness of the Attorney General a sufficient excuse for not filing an appeal within the time prescribed by law.

Besides, the State appears to have been represented in this litigation by counsel associated with the Attorney General. The names of three other lawyers are found appended, along with that of the Attorney General, to the brief filed on behalf of the State.

One extension of time in which to file the appeal had been granted, and if that had not sufficed, the court would, upon proper showing made, have granted another extension had the same been applied for.

The court is constrained to deny the application for rehearing and, accordingly, the same is refused.